UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CHARLES BALLARD | : Case No. 3:25-cv-308 |
| Plaintiff, | : |
| vs. | : District Judge Thomas M. Rose |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| OHIO SECRETARY OF STATE, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff Charles Ballard's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) and Plaintiff's Supplemental Memorandum (Doc. #5). For the reasons set forth below, the undersigned **RECOMMENDS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) be **DENIED** and that Plaintiff be **ORDERED** to pay the filing fee of $405.00.

Plaintiff filed his Motion for Leave to Proceed *in forma pauperis* on September 17, 2025. (Doc. #1). In his Motion, Plaintiff indicates that he is currently employed and has a monthly income of $5,416. *Id*. at 2. He also received $4,000 over the prior twelve-month period in retirement funds. *Id*. He affirms that he does not have any cash on hand or money in savings, checking, or other accounts. *Id*. at 3. Additionally, Plaintiff states that he owns a truck worth $13,000. *Id*. As for his creditors, he indicates that he owes $19,100 on four loans and owes

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

$15,000 on one credit card. *Id.* He has two dependents, and he contributes $2,000 to their support. *Id.* at 2.

The Court ordered Plaintiff to submit a supplemental affidavit in support of his Motion on or before October 20, 2025. (Doc. #2). Plaintiff was instructed to explain in the affidavit why the one-time payment of the Court's filing fee will render Plaintiff unable to provide for himself and his dependents. *Id.*

On October 7, 2025, Plaintiff filed his Supplemental Memorandum, titled "Affidavit of Financial Disclosure." (Doc. #5). This document or form, which appears to be the Greene County, Ohio Court of Common Pleas, Domestic Relations Division, is signed by Plaintiff and notarized. *Id.* at 30-31. Plaintiff indicates that his total yearly income from all sources is $132,344.00, and he expects to receive an inheritance of $10,000 within the next six months. *Id.* at 25, 27. Plaintiff lists all of his monthly expenses and indicates that his total monthly expenses are $6,403.00. *Id.* at 29. However, Plaintiff then lists additional expenses and debt payments. *Id.* at 30. If these are added to Plaintiff's prior total, his monthly expenses total $8,104.63. *See id.* Plaintiff also notes that he owes $1,200.00 for a repair that is "due now." *Id.*

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent party to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. In *Adkins v. E.I. DuPont de Nemours & Co. Inc.,* the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis.* 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the party cannot pay the Court's filing fee without depriving himself of the "necessities of life." *Id.* at 339 (internal quotation marks omitted). Although the party need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240

2

(6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the party unable to provide for himself and his dependents, the Court cannot grant his *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In this case, Plaintiff's *in forma pauperis* application and supplemental memorandum do not demonstrate that paying the one-time filing fee of $405.00 would be an undue hardship. Based on Plaintiff's supplemental memorandum, it appears that he earns approximately $11,028.67 per month. His expenses appear to total approximately $8,104.63 per month. In other words, based on the information given, Plaintiff's monthly income significantly exceeds his monthly expenses. Based on the foregoing, the undersigned finds that Plaintiff has not shown that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself.

It is therefore **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) be **DENIED** and that he be **ORDERED** to pay the $405.00 filing fee within **30 days** of any Order adopting this Report and Recommendation. Plaintiff is advised that failure to pay the filing fee may result in a Report and Recommendation to the District Judge that this matter be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

October 22, 2025  *s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

3

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).