**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CHARLES BALLARD, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-308 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| OHIO SECRETARY OF STATE, *et al.*, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| Defendants, | : | |
| | : | |
| | : | |
| | : | |

---

**ENTRY AND ORDER GRANTING MOTION TO DISMISS (DOC. NO. 15);**
**DISMISSING ACTION FOR LACK OF ARTICLE III STANDING**

---

Now before the Court is the Motion to Dismiss ("Motion") (Doc. No. 15), filed by Defendant the Ohio Secretary of State (the "Secretary"). In brief, the Secretary would have the Court dismiss Plaintiff Charles Ballard's ("Ballard") Complaint (Doc. No. 11) for lack of standing. As discussed below, the Court **GRANTS** the Secretary's Motion.

Ballard brought this action on September 17, 2025, but his Complaint was not filed or served until January 14, 2026, when Ballard paid his filing fee. (Doc. Nos. 1, 10, 11.) Nevertheless, in his Complaint, Ballard takes issue with the manner in which the State of Ohio invites citizens to vote in U.S. Presidential elections. (Doc. No. 11 at PageID 48.) Ballard alleges that bundling voters' choice for Presidential candidates with their choice for Vice Presidential candidates (i.e., party-ticket voting) violates the Twelfth Amendment of the United States Constitution. (*Id.* at PageID 48-49.) In addition, Ballard supposes that Ohio's disallowance of

1

split-ticket voting unduly burdens voters' First Amendment freedoms and dilutes minority voting power.  (*Id.*)

The Secretary filed his Motion on March 3, 2026, arguing that Ballard has failed to establish standing to bring suit and has otherwise failed to state a claim upon which relief may be granted.  (Doc. No. 15.)  Regarding standing, the Secretary contends that Ballard can lay no claim to an injury-in-fact because his issues with Ohio's election system are no more than generalized grievances.  (*Id.* at PageID 61-63.)  Ballard responded to the Secretary's Motion on March 13, 2026.  (Doc. No. 18.)  Therein, Ballard alleges new facts meant to apply the grievances listed in the Complaint to himself.  (*See id.* at PageID 74-75.)  Substantively, Ballard argues that he has standing to pursue this action because he actually cast separate votes for President and Vice President in the 2024 presidential election and he intends to do so again in 2028.  (*Id.*) He also requests leave to amend the Complaint if the Court finds Ballard has not properly alleged his standing.  (*Id.*)  The Secretary then filed a reply in support of his Motion on March 27, 2026 (Doc. No. 19).  The Secretary's Motion is now ripe for review and decision.

Primarily concerned with its own jurisdiction, the Court first observes that standing is a doctrine of limitation "rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The doctrine defines a court's jurisdictional authority to hear a case and the "category of litigants empowered to maintain a lawsuit …." *Id.* (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982); *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).  It is well-settled that to establish standing a plaintiff invoking a federal court's jurisdiction must satisfy three elements.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  The plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is

2

likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338 (citing *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlow Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

The Court finds here that Ballard's Complaint falls at the first prong of the standing analysis. To qualify as an injury-in-fact, the plaintiff's injury must be both "concrete and particularized," and "actual or imminent." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo*, 578 U.S. at 339 (internal citations and quotation marks omitted); *Valley Forge*, 454 U.S. at 472 ("… Art. III requires the party who invokes the court's authority to show that he *personally* has suffered some actual or threatened injury …" (emphasis added)) (internal citations and quotation marks omitted). More simply, an alleged injury "must actually exist" to be considered concrete. *Spokeo*, 578 U.S. at 340. Along these lines, "[t]he Supreme Court has long held that a plaintiff does not have standing 'to challenge laws of general application where their own injury is not distinct from that suffered in general by other taxpayers or citizens.'" *Johnson v. Bredesen*, 356 F. App'x. 781, 784 (6th Cir. 2009) (quoting *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 587-98 (2007)); *see also Lance v. Coffman*, 549 U.S. 437, 442 (2007) ("The only injury plaintiffs allege is that the law—specifically the Elections Clause—has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that [the Supreme Court has] refused to countenance in the past").

Ballard's Complaint alleges the unlawful administration of Presidential elections in Ohio, based on the most general statements imaginable. Ballard only ties himself to the supposed harms alleged by identifying himself as "an Ohio voter disenfranchised by the unconstitutional ballot system." (Doc. No. 11 at PageID 49.) Otherwise, Ballard simply alleges that "[v]oters cannot

express independent preferences for [Vice President]" and "Electors are unconstitutionally bound to a VP nominee." The Court can glean nothing from these allegations to find that Ohio's manner of administering Presidential elections has an effect on Ballard not commonly shared by every other Ohio voter. Therefore, the Court finds Ballard to be without standing to maintain this action.

Additionally, the Court will not grant Ballard leave to amend his Complaint because, with the information currently available, any such amendment would be futile. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)) ("A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile" (internal quotation marks omitted)). Even if the Court were to accept as true the supplemental facts alleged in Ballard's response to the instant Motion, Ballard's entire case is predicated on the assumption that he has a right to cast separate votes for President and Vice President in Ohio general Presidential elections. No such individual right exists. "Indeed, the entire concept of an individual's vote for President or Vice President is a simplifying fiction" and, "the President and Vice President are elected not by the people of the United States directly, but by the Electoral College." *Gelineau v. Johnson*, 904 F. Supp. 2d 742, 746 (W.D. Mich. 2012). The near-absolute right to regulate the manner in which Presidential Electors are chosen rests with the Ohio legislature. *See* U.S. CONST. ART. II, §1, CL. 2; *see also* U.S. CONST. AMEND. XII.

Thus, in accordance with the foregoing, the Court **GRANTS** the Secretary's Motion to Dismiss (Doc. No. 15) and **DENIES** Ballard leave to amend his Complaint. The Court hereby **DISMISSES** Ballard's Complaint (Doc. No. 11) **WITH PREJUDICE** and the Clerk is directed to **TERMINATE** this matter on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 21, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE